KAEMPFER CROWELL
Keith Williams, No. 10796
Brett Pilling, No. 15981
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: kwilliams@kcnvlaw.com
Email: bpilling@kcnvlaw.com

Attorneys for Plaintiff JOME, LLC
dba Structure Exhibits

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOME, LLC dba STRUCTURE EXHIBITS, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>VICTORIA CONTI, an individual; DEBORAH RODRIGUEZ, an individual; DOES I through XXX; and ROE BUSINESS ENTITIES I through X,<br><br>Defendants. | Case No. 2:26-cv-00856-JAD-MDC<br><br>**STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY OF DISCOVERY MATERIALS** |

## I. PURPOSES AND LIMITATIONS

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action, including but not limited to production of sensitive, unpublished financial data, proprietary technical drawings and valuable trade secret information. The parties agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, used only for

/ / /

/ / /

The parties agree that a Protective Order is a necessary and narrowly tailored way to preserve the confidential nature of the information. Accordingly, the parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination and use of certain identified categories of information designated according to this Order.

## II. GOOD CAUSE STATEMENT

This action may involve the discovery of valuable commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or sensitive financial information, information regarding confidential business practices, confidential research, development, or commercial information (including information implicating privacy rights of third parties), trade secret information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties and third parties are entitled to keep confidential, and to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Accordingly, **IT IS HEREBY ORDERED** that the terms and conditions of this Order shall govern the handling of discovery materials in this action:

**III. TERMS**

Accordingly, for good cause shown, the court grants the parties' joint request and hereby enters the following Protective Order:

**1. Scope**. All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits and information derived directly therefrom (collectively "documents"), including by a party to this action or by a third party production, are subject to this Order as set forth below.

**2. Definition of Confidential Information**. As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith, has been previously maintained in a confidential manner, and should be protected from disclosure and use outside the litigation as its disclosure and use is restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties.

**3. Form and Timing of Designation**. The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" ("CONFIDENTIAL") or "ATTORNEYS EYES ONLY" ("ATTORNEYS' EYES ONLY" or "AEO") on the document and on all copies in a manner that will not interfere with the legibility of the document. With regard to any electronic databases and/or software, or any materials contained therein (collectively "Electronic Stored Information") a producing party may designate the same as containing Confidential Information and therefore subject to protection under this Order by sending a written notice to all other parties indicating that, prior to disseminating Electronic Stored Information and/or allowing an inspection of the same, that Electronic Stored Information is subject to protection under this Order.

A party may designate as ATTORNEYS' EYES ONLY any Confidential Information that the party believes in good faith is highly sensitive or considered a trade secret such that disclosure

of such information to any other party or non-party reasonably poses the risk of competitive injury or may compromise and/or jeopardize its/his business interests even if protected by a CONFIDENTIAL designation. With regard to any Electronically Stored Information, a party may designate the same as ATTORNEYS EYES ONLY by noting such designation in the written notice to all other parties.

As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The CONFIDENTIAL or ATTORNEYS' EYES ONLY marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the designating attorney certifies that the document contains Confidential Information as defined in this Order.

**4. Inadvertent Failure to Designate**. Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten (10) business days after discovery of the inadvertent failure. Upon providing notice, the receiving Party will confirm within five (5) business days that the inadvertent disclosure has either (i) been destroyed or returned to the disclosing Party, if the receiving Party was not an intended recipient of the document or material, or (ii) been marked CONFIDENTIAL or

/ / /

ATTORNEY'S EYES ONLY, as designated in the timely notice of inadvertent failure to designate.

**5. Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 14 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**6. Protection of Confidential Material**.

(a) Documents and Electronic Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

(b) Except with the prior written consent of the designating party or prior order of the court, documents and Electronic Stored Information designated as CONFIDENTIAL may only be disclosed to the following persons:

(1) The parties to this litigation, including any employees of the parties who are within the party's control group;

(2) Counsel of record for the parties and employees and agents of counsel;

(3) The court and court personnel, including any special master appointed by the court and members of the jury;

(4) Court reporters, recorders and videographers engaged for depositions;

(5) Any mediator appointed by the court or jointly selected by the parties;

(6) Any expert witness, outside consultant or investigator retained specifically in connection with this litigation, but only after such persons have signed a written acknowledgment of having received this Protective Order and agreeing to be bound to the same;

(7) Any potential, anticipated or actual fact witness and his or her counsel, but only to the extent such witness is shown from the document to be an author or recipient of the document (not including a person who received the document in the course of the litigation);

(8) Independent providers of document reproduction, electronic discovery or other litigation services retained or employed specifically in connection with this litigation, provided that such providers are bound by a duty of confidentiality to the party retaining or employing them; and

(9) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(c) Who May View Documents and Electronic Stored Information Designated as ATTORNEYS' EYES ONLY. Except with the prior written consent of the designating party or prior order of the court, documents and Electronic Information designated as ATTORNEYS' EYES ONLY may only be disclosed to the following persons:

(1) Counsel of record for the parties and employees and agents of counsel and their respective law firms, and in-house counsel employed on a full-time basis by a party;

(2) The court and court personnel, including any special master appointed by the court and members of the jury;

(3) Court reporters, recorders and videographers engaged for depositions or court hearings;

/ / /

(4) Any mediator appointed by the court or jointly selected by the parties;

(5) Any expert witness, outside consultant or investigator (collectively "Expert") retained specifically in connection with this litigation, subject to the following condition: A person who is a current employee of a party or of a party's competitor cannot qualify as an Expert under this subparagraph (c)(5);

(6) The author or recipient of the document/information (not including a person who received the document in the course of the litigation);

(7) Independent providers of document reproduction, electronic discovery or other litigation services retained or employed specifically in connection with this litigation; and

(8) Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(d) Control of Documents. The parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

**7. Filing of Confidential Information**. In the event a party seeks to file any document/information containing Confidential Information subject to protection under this Order with the court, that party must file a motion for leave to file under seal the relevant excerpts constituting the Confidential Information within such document. The parties must follow the procedural requirements of Fed. R. Civ. P. 5.2, LR IA 10-5. Additionally, such party seeking to file under seal shall file a redacted, unsealed version of any motion, response, or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document.

The parties will use reasonable efforts to minimize such sealing. For any document filed under seal, a redacted version of the document shall be filed on the public docket.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record will have access to the sealed documents.

**8. Challenges to a Confidential Designation**. The designation of any material, information or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention pursuant to LR IA 1-3(f). The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the submitted "Stipulation Regarding Discovery Dispute," all parties must continue to treat the materials as Confidential Information under the terms of this Order.

If the parties are unable to resolve their dispute through good-faith efforts, they shall follow the procedures set forth in the Standing Order issued by Magistrate Judge Maximiliano D. Couvillier, III. In any such dispute involving a producing nonparty, all parties to this action and any nonparty whose interests may be affected by the dispute shall be provided reasonable notice of the dispute and an opportunity to participate in efforts to resolve the dispute and, if necessary, in any proceedings before the Court concerning the dispute. A party or nonparty that elects not to participate need not state a position or propose a compromise but shall be bound by the Court's resolution of the dispute.

**9. Use of Confidential Information at Trial or Hearing**. Nothing in this Order will be construed to affect the use of any document, material or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10. Obligations on Conclusion of Litigation**.

(a) Order Remains in Effect. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b) Return of Confidential Information. Within thirty (30) calendar days after this litigation concludes by settlement, final judgment or final order, including all appeals, all materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return and certify the fact of destruction; or (3) as to documents bearing the notations, summations or other mental impressions of the receiving party, that recipient elects to destroy the documents and certifies to the producing party that it has done so. A recipient of information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY pursuant to this order may retain its normal computer back up tapes, discs, or other media without removing the designated material, provided, that the recipient does not use or disclose such designated material or permit any other party to use or disclose such designated material, which obligation shall survive until the destruction of the media containing such designated material.

(c) **Retention of Work Product**. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**11. Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. With the exception of the Court modifying this Order on its own motion, the Order must not be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12. No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to special protection until such time as the court may rule on a specific document or issue.

**13. Persons Bound by Protective Order**. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties and persons made subject to this Order by its terms.

**14. Jurisdiction**. The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case, but a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**15. Applicability to Parties Later Joined**. If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**16. Third-Party Confidential Information**. The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17. Confidential Information Subpoenaed**. If a receiving party is served with a subpoena or an order issued in another litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party shall deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information designated by the other party to this case.

**18. Inadvertent Disclosure of Confidential Information**. The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney client privilege or work product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

**19. Unauthorized Disclosures**. If Confidential Information is disclosed to any person or entity other than in the manner authorized by this Protective Order, the party responsible for the unauthorized disclosure shall immediately notify the designating party in writing. Without prejudice to any other rights and remedies of the designating party, the responsible party shall make every reasonable effort to obtain the return of the Confidential Information and to prevent any further disclosure of the Confidential Information.

**20. Use of Artificial Intelligence ("AI").** The parties agree to follow the Court's standing order regarding the use of AI. As it pertains to this Order, the parties agree that the parties shall only use a closed AI system if AI is used for researching or reviewing documents.

**AFFIRMATION**: We certify that artificial intelligence was not used to generate a portion of this filing. Furthermore, we have reviewed the source material and verified the content in the filing is accurate and complies with the filer's Rule 11 obligations.

DATED: September 30, 2026

CLARK HILL PLLC

*/s/ John A. Hunt*

John A. Hunt, Esq. (NSBN 1888)
Bert Wuester Jr., Esq. (NSBN 5556)
Vance Liebman, Esq. (pro hac vice)

Attorneys for Defendants

DATED: September 30, 2026

KAEMPFER CROWELL

/s/ Brett Pilling

Keith Williams, No. 10796
Brett Pilling, No. 15981

Attorneys for Plaintiff

**ORDER**

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

DATE:_______________________________